## ALLEN vs. DAVIS.

A note is made payable "so soon as the amount can be made on a suit in which B. is plaintiff, and the heirs and legal representatives of C. are defendants." At the time there are two suits pending, one literally corresponding with the case described in the note; in the other B. is plaintiff, and the widow, heirs and legal representatives of C. are defendants. In the absence of other proof, the note will not be held due until the money is made in the former, though the description might be shown to apply to the latter, it being imperfect as to the latter.

## APPEAL from Chariton Circuit Court.

CLARK, *for Appellant.*

1st. The finding of the court was clearly against evidence, and
2nd. The court manifestly erred in refusing to set that finding aside.

*Allen* vs. *Davis*.

Davis, *for Appellee.*

The appellee insists that the verdict ought to stand. That so soon as the sale was made on either of the executions, the note became payable, appellant being the purchaser; and especially, as the land sold for a larger sum than that called for by the note.

Napton, J., *delivered the opinion of the Court.*

This was a suit on the following assigned note:

"I promise to pay to Thomas W. Isbell, thirty dollars, without defalcation or discount, so soon as that amount can be made from a suit now pending in the Chariton Circuit Court, in which I am plaintiff, and the heirs and representatives of James H. Usher, late deceased, are defendants, as witness my hand, this 9th July, 1844. Th. H. Allen." On this note appeared the following assignment: "I assign the within to John W. Davis, this 6th November, 1844. Th. W. Isbell."

On the trial, it appeared that Allen had instituted two suits in the Chariton Circuit Court on the same day, namely, the 2nd September, 1842, on two mortgages—one of which had been executed by James H. Usher and his wife, on the 20th day of May, 1842, to secure the payment of $401 79 due upon a note assigned by one Feazle to said Allen, and the other executed on the 23d day of May, 1842, by James H. Usher alone to said Allen, to secure the payment of $107 65 due upon a note given by said Usher to one Abell, and assigned by Abell to said Allen. The mortgages covered the same property. One of the suits was against Usher and wife, and the other against Usher alone. In 1843, the death of Usher was suggested, and the suits were revived by *scire facias*; the one against the widow and heirs and legal representatives of said Usher, and the other against his heirs and legal representatives, alone. Judgment was obtained in both cases, and both the executions were levied on the property, and the same return was upon each, showing that the mortgaged property only brought sufficient to pay off the elder mortgage. Upon this state of facts appearing, the defendant claimed that he was entitled to a verdict; but the circuit court decided otherwise, and gave a verdict and judgment for the plaintiff.

The note sued on this case was payable so soon as the amount acknowledged to be due could be made from a suit pending in the Chariton Circuit Court between the maker and the heirs and representatives of Jas. H. Usher. It seems, that there were two suits pending in this court, at the same time, and both for the purpose of foreclosing mortgages upon

the same land. One of the suits was against the heirs and representatives of Usher, and the other was against these same parties, but also included the widow as one of the defendants. No evidence was offered to show which of the suits was intended. The description in the note might apply to either, if one only had been actually pending. But as there were two suits in which Allen was plaintiff and the description in the note literally applied to one, and would have been but an imperfect description of the other, the first must be intended, in the absence of all proof to the contrary. The other Judges concurring, the judgment is reversed.